IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN MCCUTCHEON, #A00147, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00781-JPG |
| | ) |
| OFFICER STEWART, | ) |
| OFFICER SCHNICKER, and | ) |
| REBECCA CREASON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff John McCutcheon, an inmate currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts constitutional claims arising out of events that occurred at Menard Correctional Center ("Menard"). (Doc. 1).

### Merits Review Under 28 U.S.C. § 1915A

Plaintiff has filed a complaint (Doc. 1) and a motion to "supplement"[1] the complaint with additional exhibits (Doc. 6) that were inadvertently omitted from the original complaint. Typically, the Court does not accept piecemeal amendments to the original complaint, but since the motion was filed prior to the Court's preliminary threshold review, the Court will make an exception and **GRANT** the motion to supplement (Doc. 6). The Court will construe the complaint to include Doc. 1 and the exhibits contained at Doc. 6.

The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C.

---

[1] In fact, Plaintiff seeks to amend his original complaint. Under Rule 15(d) of the Federal Rules of Civil Procedure, the term "supplemental pleadings" refers to pleadings "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Id.* The exhibits Plaintiff submitted with his motion relate to the events detailed in his original complaint.

§ 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## The Complaint

The incidents giving rise to the claims in Plaintiff's present complaint, *see* Doc. 1, occurred while he was incarcerated at Menard Correctional Center ("Menard"). The facts most relevant to the Court's threshold review follow.

On August 20, 2013, Plaintiff was informed by a counselor that he would be moved from the "South Lowers" housing unit at Menard back to the "North One" unit, where he had previously been housed. *Id*. at 5. Plaintiff had been moved from North One because of problems he had had with Defendant Stewart, a correctional officer assigned to North One. *Id*. Upon Plaintiff's transfer to North One the next day, Defendant Stewart immediately began "running his mouth" in front of other inmates on North One calling Plaintiff a "stool pigeon" and "child

molester." *Id*. at 6. Over the next several weeks, Plaintiff claims that Defendant Stewart continued to harass him and encouraged other inmates, including Plaintiff's cellmate, to do the same. *Id*. at 7-17.

Plaintiff further contends that Defendant Creason, a staff psychologist, who was aware of the problems Plaintiff had previously encountered in North One, allowed Plaintiff to return to North One and refused Plaintiff's requests for her to intervene on his behalf. *Id*. at 14.

Weeks before Plaintiff was transferred back to North One, he had filed a lawsuit against Defendant Stewart's co-workers. *Id*. at 7. Plaintiff contends that Defendants Stewart and Schnicker, angry that Plaintiff had filed grievances and lawsuits against them, retaliated against him on four separate occasions: August 21, 2013, September 5, 2013, September 9, 2013, and September 10, 2013. *Id*. at 6-12. In one incident, inmates gathered around Plaintiff's cell and chanted "stool pigeon" while Defendant Stewart stood by laughing and urging them on. *Id*. at 10. When Plaintiff mentioned this incident in front of other officers, Defendant Stewart responded, "My inmate workers are the least of your problems. If I read one more complaint, I'm coming in your cell, and ass fuck you on the commode." (sic) *Id*. at 12.

Finally, on September 10, 2013, Plaintiff was transferred out of North One to the North Two housing unit. *Id*. at 12. Defendant Schnicker escorted Plaintiff to North Two, and, in the presence of another inmate, called Plaintiff a "snitch," "child molester," and "liar," and complained about Plaintiff filing a lawsuit against him. *Id*. at 13.

When Plaintiff arrived at North Two, he discovered that all of his personal property, which had been delivered by an inmate worker from North One to North Two, had been taken. *Id*. at 13. Plaintiff asserts that Defendants conspired with inmates to have Plaintiff's property destroyed. *Id*. Likewise, following the transfer, Plaintiff maintains that Defendants Stewart and

Schnicker deliberately held Plaintiff's laundry and then had it sent to his former cellmate who held it for two months. *Id*. at 15. Plaintiff insists that Defendants "sent word to Plaintiff's new location to not get Plaintiff's laundry so he would suffer." *Id*. As a result, Plaintiff went the first two months in North Two with nothing to sleep on and little clothing. *Id*. at 16.

Plaintiff maintains that Defendants' conduct caused him so much stress and anxiety that he was eventually hospitalized because his thyroid was stuck in "survival mode." *Id*. at 14.

The complaint makes no mention of any further interactions between Plaintiff and Defendants until April 8, 2015. *Id*. at 17. On that day, Plaintiff was transferred out of Menard to Pinckneyville in a passenger van driven by Defendant Stewart. Plaintiff reports that Defendant Stewart immediately began harassing Plaintiff with comments such as, "Have you been ass fucked lately?" and "You're nothing but a baby raping bitch." *Id*. Once they reached Pinckneyville, Defendant Stewart informed officers there about Plaintiff's criminal history, which has caused Plaintiff to experience ongoing problems at his new location.

Plaintiff seeks monetary damages.

## Analysis

Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that the complaint sets forth an actionable failure to protect claim (Count 1) against Defendants Stewart and Schnicker, a failure to protect claim (Count 2) against Defendant Creason, and a retaliation claim (Count 3) against Defendants Stewart and Schnicker.

**Count 1:    Failure to protect claim against Defendants Stewart and Schnicker**

Under the Eighth Amendment, prison officials must take "reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). To state a failure to protect claim, an inmate must allege that (1) "he is incarcerated under conditions

posing a substantial risk of serious harm," and (2) prison officials acted with "deliberate indifference" to that risk. *Id*. at 834.

Here, Plaintiff alleges that Defendants Stewart and Schnicker violated his Eighth Amendment rights when they deliberately exposed him to a substantial risk of serious harm by informing other inmates and guards that Plaintiff was a child molester and a snitch. A prison official who intentionally or with reckless indifference exposes an inmate to psychological harm or a heightened risk of future injury may be liable, even if no attack occurred. *See Wright v. Miller*, 561 F. App'x 551, 555 (7th Cir. 2014) (citing *Irving v. Dormire,* 519 F.3d 441, 449 (8th Cir.2008) (concluding that guard's alleged attempts to induce other inmates to assault plaintiff prisoner "posed a substantial risk of serious harm to [the prisoner's] future health")). As such, the fact that Plaintiff never suffered a physical injury does not in and of itself defeat his claim; it merely limits the damages that are available to him. *See Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012) (noting that an inmate cannot obtain compensatory damages without proof of a physical injury, but nominal and punitive damages are still available). At this stage, Plaintiff has sufficiently stated a failure to protect claim against Defendants Stewart and Schnicker and may proceed against both of them on Count 1.

   Count 2:  **Failure to protect claim against Defendant Creason**

Likewise, Plaintiff claims that Defendant Creason, a staff psychologist, was deliberately indifferent to his safety because she failed to prevent Plaintiff's transfer back to the North One housing unit where she knew he had been and would continue to be at risk of serious harm. Whether Defendant Creason was in fact aware that the transfer would place Plaintiff at serious risk of harm is a question of fact that cannot be determined at this preliminary stage. It would, therefore, be premature to dismiss this claim. Plaintiff, therefore, may proceed on Count 2

against Defendant Creason.

### Count 3: Retaliation claim against Defendants Stewart and Schnicker

Lastly, Plaintiff claims that Defendants Stewart and Schnicker engaged in a campaign of harassment against Plaintiff in retaliation for Plaintiff filing lawsuits and complaints against Defendants and their co-workers. Even if the underlying harassment (i.e., the verbal threats, taunting, and withholding laundry) was not unconstitutional, if it was undertaken in retaliation for the exercise of a constitutionally protected right (in this case, the right, under the First Amendment, to freely complain about the conditions of one's confinement), then it is actionable under § 1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987).

At issue here is whether Plaintiff experienced an adverse action that would likely deter constitutionally protected activity in the future, and if the First Amendment activity was "at least a motivating factor" in Defendants Stewart and Schnicker's decision to harass Plaintiff. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). This is a question that cannot be resolved at the pleadings stage of this case. Thus, Plaintiff may proceed on his retaliation claim against Defendants Stewart and Schnicker at this time.

### Pending Motion

As discussed above, the motion to supplement (Doc. 6) is **GRANTED**.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on the following claims: **COUNT 1** (failure to protect claim) against Defendants **STEWART** and **SCHNICKER**, **COUNT 2** (failure to protect claim) against Defendant **CREASON**, and **COUNT 3** (retaliation claim) against Defendants **STEWART** and **SCHNICKER**.

The Clerk of Court shall prepare for Defendants **STEWART**, **SCHNICKER**, and **CREASON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (including the exhibits at Doc. 6), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 27, 2015**

                                            *s/J. Phil Gilbert*
                                            United States District Judge